**Richmond**

ROLANDO WILSON

v.

COMMONWEALTH OF VIRGINIA

No. 0022-84

Decided April 1, 1986

Counsel

William G. Barkley (D. Michael Atkins, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Gerald L. Baliles, Attorney General, on brief), for appellee.

Opinion

**BENTON, J.**—This appeal by Rolando Wilson raises the question whether the trial judge's statement to the jury that defense counsel had moved to disqualify all jurors on the panel sufficiently tainted the jury so as to render it incapable of being fair and impartial. We conclude that it did.

Wilson was indicted on charges of murder in the first degree, attempted murder in the first degree, and robbery. Immediately prior to the commencement of the trial the Commonwealth moved to amend the murder indictment to charge murder during the commission of a robbery. The trial judge granted the Commonwealth's motion to amend and denied defense counsel's motion for a continuance and separate trial on the murder indictment as amended. Wilson entered pleas of not guilty to all three charges.

After the jury had been selected and sworn, the trial judge reconsidered and granted defense counsel's motion to sever the trial

on the amended charge of murder in the commission of a robbery. The trial judge informed the jury of the severance:

> Ladies and gentlemen of the jury I have previously read you three charges against the defendant, Mr. Wilson. Because of a technical matter I have severed one of those charges from this trial. I have previously told you that Mr. Wilson was going to be tried today for . . . that on or about September 4, 1982, in this county, that he unlawfully and feloniously killed Henry Rodwell in the commission of a robbery. That charge will not be tried by you today. You will, however, try the two charges, the other two charges . . . .

Out of the jury's presence, defense counsel moved to disqualify the jury because the jurors had been informed of the murder indictment. The trial judge conducted a *voir dire* of the jurors concerning the effect of their knowledge of the murder charge and in the process of so doing made the following statements:

> Ladies and gentlemen of the jury there has been a motion made by the defense to strike the panel on the ground that you all have learned that the defendant has been charged with the murder on the amended indictment that I previously read to you of Mr. Henry Rodwell. I have also ruled that in any event if the matter were tried without the jury knowing that, that they would have to know what the facts were of the events which occurred on September 4. I am not going to order that the Commonwealth not bring out any facts concerning the alleged murder because I think that would be an impossible situation. I have told the defendant that I would not sustain his motion to strike the panel but I want to voir dire you all on whether or not you all would be able to render a fair and impartial decision, verdict, on the other two charges because of the fact that you now know that Mr. Wilson has also been indicted for murder.

Following the *voir dire* defense counsel outside the presence of the jury made a second motion to disqualify the panel:

Your Honor, the motion is to again disqualify the jurors now on a different ground and that is that the court told them that I wanted them disqualified. Now, those jurors, they know that I don't want a single one of them on that panel. They have got to hate me. They all know that I am dissatisfied with them, they think I tried to get rid of them and it's got to effect my client. I think . . . .

THE COURT: Well, that may be, Mr. Lamson. I don't see how we can instruct them the way I did without letting them know why I was instructing them that way and that may be the result but I overrule your motion, sir.

The trial judge and defense counsel conducted another *voir dire* of the jury. The trial judge apparently was satisfied that there was no basis for disqualification of the jury and commenced the taking of evidence. Wilson was convicted of robbery and attempted murder in the second degree; he was sentenced in accordance with the jury verdict to terms of life imprisonment and 10 years, respectively.

"An accused has a fundamental right to a trial by an impartial jury. U.S. Const. amends. VI and XIV; Va. Const. Art. I, § 8." *Barker* v. *Commonwealth,* 230 Va. 370, 374, 337 S.E.2d 729, 732 (1985); *see also Martin* v. *Commonwealth,* 221 Va. 436, 444, 271 S.E.2d 123, 128 (1980). It is the trial judge's duty to empanel jurors who are free from bias and prejudice against the parties. *Scott* v. *Commonwealth,* 1 Va. App. 447, 451, 339 S.E.2d 899, 901 (1986). The trial judge's fulfillment of this duty involves the exercise of sound judicial discretion, which ordinarily is binding on appeal absent manifest error. *Calhoun* v. *Commonwealth,* 226 Va. 256, 258-59, 307 S.E.2d 896, 898 (1983). The exercise of that discretion, however, is not without limits.

If there be a reasonable doubt whether the juror [is free from partiality and prejudice], that doubt is sufficient to insure his exclusion. For . . . it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible.

*Wright* v. *Commonwealth,* 73 Va. (32 Gratt) 941, 943 (1879).

 Furthermore, the trial judge should be careful to guard against prejudice to the accused by the judge's remarks to the jury because the influence of the trial judge on the jury "is necessarily and properly of great weight" and "his lightest word or intimation is received with deference, and may prove controlling." *Quercia* v. *United States,* 289 U.S. 466, 469 (1933) (quoting *Starr* v. *United States,* 153 U.S. 614, 626 (1894)).

 In *Tuggle* v. *Commonwealth,* 228 Va. 493, 323 S.E.2d 539 (1984), *vacated and remanded on other grounds,* 105 S. Ct. 2315 (1985), our Supreme Court stated:

> Unquestionably, in this as well as in all other cases, counsel should be afforded the opportunity to challenge jurors for cause out of the presence of the panel.

228 Va. at 505-06, 323 S.E.2d at 546. Unlike *Tuggle,* where the trial judge denied defense counsel the opportunity to challenge certain veniremen outside the presence of the jury panel, the record in this case is clear regarding the veniremen who were challenged and the precise basis for the challenge.

We conclude that the trial judge erred in apprising the jury that defense counsel had challenged the jury for cause and had made a motion to strike the entire jury panel. *Id.* at 505-06, 323 S.E.2d at 546; *see also Robinson* v. *Lunsford,* 330 S.W.2d 423, 426 (Ky. Ct. App. 1959). Furthermore, the error was prejudicial. *Cf. Anthony* v. *Commonwealth,* 179 Va. 303, 308-11, 18 S.E.2d 897, 899-901 (1942) (trial judge's comment in the presence of veniremen concerning the good faith of a motion for a continuance found to be prejudicial). We believe that the judge's comment to the jury that "there has been a motion by the defense to strike the panel," had the probable effect of creating in the minds of the jurors an unfavorable impression of the defense's confidence in the jury's ability to fairly and impartially determine the case. The judge's further remark to the jury that he "would not sustain [the defense] motion to strike the panel" imparted to the jury the impression that he had found the motion to be improper. *See United States* v. *Costner,* 359 F.2d 969, 973 (6th Cir. 1966).

In response to defense counsel's complaint that the remarks would prejudice his client, the judge acknowledged defense coun-

sel's concern that his remarks might have had such an effect on the jury. He then attempted to cure that effect by explaining to the jury on further *voir dire* that he did not find any measure taken by defense counsel to be "improper from a legal sense." The explanation that defense counsel's actions were not "improper" in a "*legal* sense" was equivocal and did not negate the previous inference of impropriety. Furthermore, the explanation was insufficient to dispel from the minds of the jury the impression that the defense lacked confidence in the jury's ability fairly and impartially to determine the case.

Accordingly, the convictions are reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Koontz, C.J., and Keenan, J., concurred.