456 S.E.2d 133

Kirby Cornell DeHART, a/k/a Kerby Carroll DeHart

v.

COMMONWEALTH of Virginia.

Record No. 2398–92–3.

Court of Appeals of Virginia.

April 18, 1995.

Thomas M. Blaylock, Roanoke, for appellant.

Michael T. Judge, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.

Present: BENTON, WILLIS and ELDER, JJ.

## UPON A REHEARING

WILLIS, Judge.

By opinion dated October 18, 1994, in *DeHart v. Commonwealth,* 19 Va.App. 139, 449 S.E.2d 59 (1994), we reversed and remanded the judgment of the trial court convicting DeHart of second degree murder, use of a firearm in the commission of murder, and breaking and entering with the intent to commit sexual battery. On petition of the Commonwealth, we granted rehearing and stayed the mandate of our October 18, 1994 decision. Upon rehearing, we adhere to our previous decision.

Accordingly, for the reasons set forth in our opinion of October 18, 1994, we reverse the judgment of the trial court and remand the case for further proceedings if the Commonwealth be so advised.

Upon rehearing, the Commonwealth contends that because it exercised one of its peremptory strikes to remove Ms. Peters from the jury panel, the trial court's refusal to strike her for cause worked no prejudice to DeHart. The Commonwealth argues that its use of the peremptory strike eliminated the error or, alternatively, rendered the error harmless. In support of its contention, the Commonwealth cites *Breard v. Commonwealth,* 248 Va. 68, 445 S.E.2d 670, *cert. denied,* —— U.S. ——, 115 S.Ct. 442, 130 L.Ed.2d 353 (1994). We find *Breard* to be distinguishable and non-dispositive of the issue.

In *Breard,* the accused moved to strike a juror for cause. The trial court denied the motion "for the moment," but stated that it would rehear it upon completion of *voir dire.* Breard did not renew the motion, but argued on appeal that the trial court erred in failing to remove the questioned juror. Rejecting this argument, the Supreme Court noted that Breard had failed to renew the motion and said:

> The trial judge, therefore, reasonably could have assumed that Breard had acquiesced in seating Healey as a juror.

*Id.* at 80, 445 S.E.2d at 677. The Court went on to say:

> Additionally, Breard could not have been prejudiced because the record shows that the Commonwealth struck Healey from the jury panel.

*Id.* at 80, 445 S.E.2d at 677–78. The Commonwealth bases its argument on the latter statement.

The statement in *Breard* upon which the Commonwealth relies is *dicta.* The Supreme Court's holding was based on Breard's failure to lodge a proper objection. While the holding did not cite Rule 5:25, it fell within the ambit of that rule. The statement relied upon by the Commonwealth addressed the applicability of the ends of justice exception to the operation of the rule.

*Elkins v. Commonwealth,* 161 Va. 1043, 171 S.E. 602 (1933), is on point and controls our decision. In *Elkins,* the accused was charged with a misdemeanor. The statute then in force provided for the selection of a jury of five from an impartial panel of seven, each side having one peremptory strike. The trial court succeeded in impaneling only six veniremen free from exception, and the Commonwealth waived its peremptory strike. Rejecting the Commonwealth's contention that this procedure worked no prejudice to Elkins, the Supreme Court reversed the conviction, stating:

> [I]n principle there is no difference between the trial of an accused upon a felony charge and his trial upon a misdemeanor charge involving his liberty. The formalities are in effect the same, and no departure from a strict observance of the statutory provisions should be permitted over the protest of the accused. To permit such a departure upon the ground of expediency—as was done in the case at bar— "is to deprive the accused of that 'due process of law' which is provided by the legislature, and which is required by the fundamental law of the land."

*Id.* at 1046–47, 171 S.E. at 603.

Had Ms. Peters been replaced by a venireman who was free from exception, the Commonwealth might have used the peremptory strike exercised against Ms. Peters to remove a venireman who actually served on the jury. Thus, the composition of the jury panel that tried DeHart would have been different. This denial of his right to a jury chosen from a statutorily prescribed panel of twenty free from exception cannot be deemed non-prejudicial. *See Fuller v. Commonwealth,* 14 Va.App. 277, 416 S.E.2d 44 (1992).

The judgment of the trial court is reversed, and this case is remanded for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*