COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


JOHNNY DENNIS BROOKS
                                          OPINION BY
v.        Record No. 1616-95-3    JUDGE SAM W. COLEMAN III
                                         APRIL 15, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                     James F. Ingram, Judge

          Phyllis Marie Mosby, Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     The defendant was convicted of statutory burglary.  On

appeal, he contends that the trial court erred (1) by stating in

a challenged juror's presence that the defendant was challenging

him for cause, (2) by stating in the jury's presence that the

defendant was challenging one of the jurors for cause, (3) by

refusing to hear argument on a motion to strike the juror for

cause until after the jury had been seated and sworn, and (4) by

permitting the Commonwealth to introduce copies of indictments

for the defendant's prior felony convictions during the

sentencing phase of the bifurcated trial.

     We hold that the trial court erred by stating in a juror's

presence, which juror the court ruled to be qualified, that the

defendant was challenging him for cause.  Therefore, we reverse

the defendant's burglary conviction and remand the case to the

trial court.  Because the issue may arise on remand, we further hold that the indictment for a prior conviction is admissible during the sentencing phase as part of the "record of conviction" under Code § 19.2-295.1.  The case of Folson v. Commonwealth, 23 Va. App. 521, 478 S.E.2d 316 (1996), holds that an indictment, which shows the nature of the charged crime, is part of the record of conviction and, therefore, is admissible.  Accordingly, should a sentencing hearing occur on remand, the trial court may, in the exercise of its sound discretion, admit so much of the indictment for a prior conviction as may be material and relevant.

Finally, because we disapprove of the practice utilized by the trial court of waiting until after the jury is sworn to hear argument on the juror challenge for cause, we use this occasion to caution against such practice.

FACTS

In response to a question by defense counsel during jury voir dire, one of the veniremen stated that he had served as a member of a "life saving crew" for about thirteen years with a police officer who would be one of the Commonwealth's principal witnesses.  The venireman, Mr. Hankins, stated that he and the officer were "good friends" and "occasionally" did things together.  When asked whether he would "put a lot of stock in what [the officer] testifies to in Court," Hankins responded, "[t]hat's possible, yes ma'am."  Defense counsel then asked

Hankins whether he might favor the officer's testimony over that of the defendant or one of the defendant's witnesses. Hankins replied, "[i]t's a good possibility."

At that point, defense counsel stated she had a motion to make. The Commonwealth's attorney requested an opportunity to examine the venireman. The prosecutor asked Hankins whether he could base his decision in the case "solely on the testimony of the witnesses and not on any friendship" with a witness. Hankins stated, "I think I, yes sir, think so . . . [y]es sir." When asked whether his friendship with the officer would keep him from being a fair and impartial juror, Hankins responded, "I don't think so."

Defense counsel again requested the opportunity to make a motion. In the presence of the jury panel, the trial judge and defense counsel had the following exchange:

> DEFENSE COUNSEL: Your Honor, I still have a motion.
>
> THE COURT: Alright.
>
> DEFENSE COUNSEL: Should I do it outside the presence of . . . ?
>
> THE COURT: Are you moving that Mr. Hankins be stricken, is that your motion, by virtue of his answers? You want to be heard on that, Mr. Fuller? [Mr. Fuller is the Commonwealth's attorney.].
>
> PROSECUTION: Well, I mean I think his answers indicate that he could be a fair and impartial juror.
>
> THE COURT: I think he has indicated that he can decide the case on the evidence rather than on friendship and that he can serve as a

- 3 -

fair and impartial juror on the case.

DEFENSE COUNSEL:  Your Honor, can I just make my motion please outside of the presence?

THE COURT: Alright, we'll preserve it and do it later.  Alright.

The trial judge then ruled that the jury panel was qualified and directed the parties to exercise their peremptory challenges. The Commonwealth peremptorily struck venireman Hankins.  After the peremptory strikes, the jury was sworn and the remaining venire members were excused.

At that point, the trial judge permitted defense counsel to make the record by stating her argument in support of the motion to strike Hankins for cause.  Defense counsel then made an additional motion to strike the jury for cause on the ground that the judge had tainted the entire panel by stating in their presence that defense counsel disapproved of Hankins as a juror and wanted to remove him from the jury for cause.  The trial judge restated his ruling denying the challenge for cause as to Hankins and overruled the challenge to the venire.

## I.  JUROR CHALLENGE

"The right to a trial by an impartial jury is guaranteed under both the United States and Virginia Constitutions.  This guarantee is reinforced by legislative enactment and by the rules of court.  It is the trial judge's duty to secure an impartial jury for the parties." Gosling v. Commonwealth, 7 Va. App. 642, 645, 376 S.E.2d 541, 543 (1989) (citations omitted).  "Code

§ 8.01-357 assures a defendant a right to an impartial jury drawn from 'a panel [of twenty] free from exception . . . .'" *Justus v. Commonwealth*, 220 Va. 971, 976, 266 S.E.2d 87, 90 (1980), *appeal after remand*, 222 Va. 667, 283 S.E.2d 905 (1981), *cert. denied*, 455 U.S. 983 (1982). Essential to the fairness of trial by jury is a procedure of jury selection that will allow a criminal defendant to challenge potential jurors who are not fair and impartial and are not free of bias. *Lewis v. United States*, 146 U.S. 370, 376 (1892).

Here, we are not asked to decide whether the trial court erred by refusing to remove juror Hankins for cause.[1] Rather, we decide whether the trial judge's comments and the Commonwealth's attorney's remarks in open court, which informed the venireman and the jury panel that the defendant was challenging juror Hankins' qualifications, constituted prejudicial error. We are also asked to determine whether the procedure employed by the

---

[1] We assume without deciding that the trial judge was correct in overruling the motion to strike Hankins for cause and that the jury was free from exception had it not been for the subsequent remarks made in the juror's presence. *See Hall v. Commonwealth*, 12 Va. App. 198, 217-19, 403 S.E.2d 362, 374 (1991) (holding that a potential juror is not disqualified because he has known a principal Commonwealth's witness for a long time, provided the juror can base his verdict upon the law and the evidence); *O'Dell v. Commonwealth*, 234 Va. 672, 694, 364 S.E.2d 491, 503, *cert. denied*, 488 U.S. 871 (1988) (holding that the fact a potential juror states he would "probably" believe or be more inclined to believe a witness whom he knows rather than a defendant or another witness whom he does not know, without more, does not render the juror biased or disqualified); *Gosling*, 7 Va. App. at 645, 376 S.E.2d at 544 (same); *Mullis v. Commonwealth*, 3 Va. App. 564, 570-72, 351 S.E.2d 919, 922-24 (1987) (same).

- 5 -

trial court of deferring argument on the challenge for cause prejudiced the defendant's right to a fair and impartial jury.

### A.  Judge's Statement to Juror Hankins

We first consider whether the trial judge erred in seating juror Hankins on the panel after the judge informed Hankins that he was being challenged by the defendant as not being "fair and impartial" due to "friendship" and then permitted the Commonwealth's attorney to inform Hankins that the prosecution considered him "fair and impartial."

A trial judge has broad discretion and control over how voir dire is conducted and the procedure for seating a jury.  The procedure for hearing challenges to jurors for cause will not be grounds for reversal absent manifest error.  See Buchanan v. Commonwealth, 238 Va. 389, 400, 384 S.E.2d 757, 764 (1989), cert. denied, 493 U.S. 1063 (1990); Calhoun v. Commonwealth, 226 Va. 256, 258-59, 307 S.E.2d 896, 898 (1983).  However, the trial court's exercise of discretion has certain limits.

> If there be a reasonable doubt whether the juror [is prejudiced], that doubt is sufficient to insure his exclusion. . . . [I]t is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible.

Wright v. Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879). It is settled in Virginia that "counsel should be afforded the opportunity to challenge jurors for cause out of the presence of the panel."  Tuggle v. Commonwealth, 228 Va. 493, 505-06, 323

S.E.2d 539, 546 (1984), vacated and remanded on other grounds, 471 U.S. 1096 (1985).

Here, the trial judge did not merely rule on the juror challenge and then defer argument on the challenge; the trial judge considered the motion, heard part of the Commonwealth's argument on the motion in Hankins' presence, and disclosed to Hankins that defense counsel was attempting to have him disqualified for bias. After the judge asked the Commonwealth's attorney to respond to the defendant's motion, the prosecutor stated that he thought Hankins "could be a fair and impartial juror." The trial judge then overruled the defendant's challenge and ruled Hankins qualified.

> The trial judge should be careful to guard against prejudice to the accused by the judge's remarks [in the presence of] the jury because the influence of the trial judge on the jury "is necessarily and properly of great weight" and "his lightest word or intimation is received with deference, and may prove controlling."

Wilson v. Commonwealth, 2 Va. App. 134, 138, 342 S.E.2d 65, 67 (1986) (citing Quercia v. United States, 289 U.S. 466, 469 (1933) (quoting Starr v. United States, 153 U.S. 614, 626 (1894))).

The procedure employed by the trial judge in this instance placed the defendant in the untenable position of having a prospective juror informed that the defendant wanted him removed from the panel for bias and partiality. The trial judge compounded the prejudice to the defendant by then allowing the Commonwealth's attorney to state that the prosecution found

Hankins to be fair and impartial. The effect of this procedure was to inform Hankins that defense counsel did not have confidence in Hankins' ability to fairly decide the case and to permit the Commonwealth's attorney to inform Hankins that the Commonwealth had confidence in Hankins' ability to be fair and impartial. See Wilson, 2 Va. App. at 138, 342 S.E.2d at 67. As in the Wilson case, the judge's and Commonwealth's attorney's statements, made in Hankins' presence, created the possibility of bias in the mind of the juror against the defendant, where bias may not have previously existed.

Although the Commonwealth's attorney exercised a peremptory challenge to remove Hankins from the jury panel, the trial judge erred by seating Hankins on the panel after the statements were made that tended to prejudice him against the defendant. See DeHart v. Commonwealth, 20 Va. App. 213, 216, 456 S.E.2d 133, 134 (1995). The defendant was entitled to a jury panel free from exception. By seating Hankins on the jury panel, the defendant was denied the opportunity of having another impartial person sit on his jury. Fuller v. Commonwealth, 14 Va. App. 277, 281, 416 S.E.2d 44, 46 (1992). The Commonwealth's attorney peremptorily removing Hankins did not render the error harmless. DeHart, 20 Va. App. at 216, 456 S.E.2d at 134.

Because we reverse due to the error in seating Hankins on the panel, we do not address whether the judge's and Commonwealth's attorney's statements may have tainted the entire

jury panel.

### B.  Procedure in Deferring Argument

The opportunity to challenge a juror for cause out of the presence of the panel does not preclude a trial judge from deferring a hearing on the challenges for cause until <u>voir</u> <u>dire</u> of all prospective jurors is completed.  A trial judge must evaluate the challenged venireman's qualifications based on the <u>voir</u> <u>dire</u> in its entirety, <u>Pope v. Commonwealth</u>, 234 Va. 114, 123, 360 S.E.2d 352, 358 (1987), <u>cert. denied</u>, 485 U.S. 1015 (1988), but at some point during or after <u>voir</u> <u>dire</u> the judge must allow counsel the opportunity to present argument on a challenge for cause out of the jury's presence.  <u>Tuggle</u>, 228 Va. at 505-06, 323 S.E.2d at 546.  From our reading of the record, it is clear that the trial judge did not defer ruling on the motion to strike until after the jury was sworn.  The trial judge immediately ruled on the defendant's challenge for cause to juror Hankins and only deferred hearing defendant's argument on the challenge until after the peremptory challenges and after the jury was sworn.

A trial judge may have good reason to defer argument on a challenge for cause until after <u>voir</u> <u>dire</u> has been completed. However, argument on a challenge for cause should not be deferred until after the parties have exercised their peremptory challenges and the jury has been sworn.  Delaying argument until after the jury is sworn gives the appearance to the defendant and

to the public that the court is unwilling to timely hear or consider the grounds for a party's motion.  A further evil in such practice is that when the challenged venireman remains on the jury, the trial judge will be precluded from removing the juror without declaring a mistrial should the judge be persuaded by the argument, additional authority, or other evidence that the juror was not qualified.  See Tuggle, 228 Va. at 505-06, 323 S.E.2d at 546.  Thus, the practice enhances the risk that a jury may be seated that is not free from exception.  A defendant is entitled to a panel free from exception before being required to peremptorily remove a potential juror; until a trial court considers and rules on a challenge for cause, a panel is not free from exception.  See DeHart, 20 Va. App. at 213, 456 S.E.2d at 133.

We disapprove of the practice of deferring argument until after the jury is sworn, but because we reverse on other grounds, we do not decide whether the procedure resulted in prejudice in this instance.

## II.  SENTENCING PHASE - INDICTMENTS

The defendant contends that the trial judge erred during the sentencing phase of the bifurcated trial by admitting into evidence copies of indictments for the defendant's seven prior felony convictions.  He argues that indictments are not admissible because they are not part of the "record of conviction" under Code § 19.2-295.1.  Furthermore, he asserts

that an indictment may contain irrelevant and prejudicial information.  Because this issue will likely recur on remand, we address it.

"Code § 19.2-295.1 provides, in pertinent part, that 'the Commonwealth shall present' to the jury during the sentencing phase of a bifurcated trial, 'the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction."  Gilliam v. Commonwealth, 21 Va. App. 519, 521, 465 S.E.2d 592, 593 (1996).

In Folson v. Commonwealth, 23 Va. App. 521, 478 S.E.2d 316 (1996),[2] we held that the term "record of conviction" in Code § 19.2-295.1 includes the indictment for a prior conviction as well as the final order.  The indictments are "recorded evidence that the court convicted appellant for the crimes charged."  Id. at 525, 478 S.E.2d at 318.  In this case, the defendant's final conviction orders state that the defendant was found guilty "as charged in the indictment."  Copies of the indictments were relevant and admissible to prove the crimes for which the defendant had been convicted.  See Gilliam, 21 Va. App. at 524, 465 S.E.2d at 595 ("[T]he legislature incorporated the term 'record of conviction' into Code § 19.2-295.1 aware that its meaning includes both conviction and punishment, thereby intending to assist the jury in fashioning a sentence suitable both to defendant and the offense.").

---

[2] The Folson decision was issued after oral argument in the present case.

- 11 -

Based upon the <u>Folson</u> decision, the trial judge did not err by admitting copies of the indictments as part of the defendant's "record of conviction."

For the foregoing reasons, we reverse the defendant's conviction and remand the case to the trial court.

<u>Reversed and remanded.</u>