COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Elder and Fitzpatrick
Argued at Richmond, Virginia


MICHAEL GEORGE BROWN

v.      Record No. 1518-94-2              OPINION BY
                                     JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                 JANUARY 23, 1996

        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                William H. Ledbetter, Jr., Judge

      Andrea C. Long (Charles C. Cosby, Jr.; Boone, Beale,
      Carpenter & Cosby, on brief), for appellant.

      Kathleen B. Martin, Assistant Attorney General (James S.
      Gilmore, III, Attorney General, on brief), for appellee.


      Michael George Brown (appellant) was convicted in a bench

trial of possession of cocaine with intent to distribute in

violation of Code § 18.2-248.  On appeal, he argues that the

trial court erred in admitting into evidence the cocaine and the

certificate of analysis because the chain of custody was broken

when:  (1) the arresting officer left the cocaine in the evidence

vault for eleven days with the evidence custodian also having

access to the drugs, and (2) the state forensic laboratory

returned the evidence to the police by a private, commercial

parcel service.  For the reasons that follow, we affirm the

conviction.

      On December 1, 1993, several Fredericksburg City police

officers executed a search warrant at a residence in the city.

Appellant was in the house at the time and was ordered to lie on

the floor until handcuffed.  While appellant was getting to his

feet, a white plastic Lifesavers Holes container fell from his pocket. Detective Brent Taylor (Taylor) retrieved the container, field tested the contents for drugs, and then sealed the container in a plastic evidence bag.

On December 2, 1993, Taylor placed the sealed evidence bag in his individual locker in the evidence vault. The evidence custodian, the only other person with access to the evidence, released the sealed bag to Taylor on December 13, 1993. When Taylor received the sealed bag, it was in the same condition as when he placed it in the evidence vault, and no tampering had occurred. Taylor sent the sealed bag by certified mail to the state forensic laboratory in Richmond for analysis of the contents. A forensic scientist, a laboratory employee, analyzed the contents of the container, determined that it held 5.08 grams of crack cocaine, and resealed the container. A laboratory employee returned the evidence to the police by United Parcel Service (UPS) on January 14, 1994.

At trial, Taylor testified that, when he received the evidence back from the laboratory, his original seal marked with his initials remained on the container, and the seal applied at the laboratory was intact. He also testified that immediately before trial he examined the evidence, and the sealed container was in the same condition as when he received it from the laboratory. Taylor then applied a third seal. When Taylor examined the evidence at trial, he stated that his third seal had

2

not been breached and the evidence "appear[ed] to be in the same condition as it was when I checked it out [before trial] and prior to sending it off to [the laboratory]."  Appellant did not present any evidence to rebut the chain of custody established by the Commonwealth.

Appellant objected to the admission of the cocaine and the certificate of analysis, arguing that breaks in the chain of custody occurred when Taylor left the evidence in the evidence vault for eleven days with another person having access to the drugs.  He also argued that the chain of custody was broken when the laboratory returned the evidence by a private carrier, UPS.  The trial judge overruled his objections and found the chain of custody adequately proven because:  (1) only Taylor and the evidence custodian, a police department employee, had access to the evidence during the eleven-day period, and (2) the sealed container was intact when Taylor examined the evidence before and during trial.

"Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Crews v. Commonwealth, 18 Va. App. 115, 117, 442 S.E.2d 407, 408 (1994).  "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Id. at 118, 442 S.E.2d at 409 (quoting Blain v.

Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

"The purpose of the chain of custody rule is to establish that the evidence obtained by the police was the same evidence tested." Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991).

> In offering this evidence, the Commonwealth, however, "is not required to exclude every conceivable possibility of substitution, alteration or tampering." Instead, the Commonwealth [is] required to establish with "reasonable assurance" that the evidence analyzed and presented at trial was in the same condition as it was when obtained by police.

Id. (citations omitted). "Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence." Reedy v. Commonwealth, 9 Va. App. 386, 391, 388 S.E.2d 650, 652 (1990). Additionally, "it is the period preceding the analysis that is crucial" in determining whether the evidence is the same evidence recovered and submitted by the police. Gosling v. Commonwealth, 14 Va. App. 158, 166, 415 S.E.2d 870, 874 (1992).

In this case, the trial court did not abuse its discretion by admitting the cocaine and the certificate of analysis into evidence. The evidence established that Taylor, the arresting officer, placed the container of drugs in an initialed, sealed bag; put the bag in his locker in the evidence vault; retrieved the bag from the evidence custodian on December 13, 1993; and

4

immediately mailed the same sealed bag to the laboratory. Although a person other than Taylor had access to the evidence locker, he too was an employee of the police department. Appellant presented no evidence of tampering or commingling, and the evidence custodian's access to the drugs, without more, did not constitute a break in the chain of custody. Additionally, any argument that a break in the chain of custody occurred because the evidence was left in the vault for eleven days is based on mere speculation. See Murphy v. State, 632 A.2d 1150, 1153-54 (Del. 1993) (chain of custody adequate where evidence stored in evidence locker for nine months before sent to forensic laboratory for analysis and no evidence of tampering); State v. Essick, 314 S.E.2d 268, 270-71 (N.C. Ct. App. 1984) (chain of custody not destroyed where officers other than those who gathered and sealed evidence had access to evidence locker and no evidence of tampering).

Lastly, we reject appellant's argument that the return of the drugs by a private carrier, UPS, without more, constitutes a break in the chain of custody. Although the presumption of regularity accorded to the United States mail does not apply to a private carrier, see Robertson, 12 Va. App. at 856-57, 406 S.E.2d at 418-19, the delivery of the container of drugs by a private carrier, standing alone, gives rise to no presumption of irregularity. When Taylor received the drugs back from the laboratory, the seal was intact. The laboratory seal and the

seal that Taylor applied when examining the evidence before trial were also intact at trial.  No evidence indicated a break in the chain of custody prior to the analysis of the contraband. Additionally, appellant failed to offer any evidence of mishandling or tampering to rebut the Commonwealth's proof of chain of custody.  See Dunn v. Commonwealth, 20 Va. App. 217, 222-23, 456 S.E.2d 135, 137-38 (1995) (holding certificate of analysis properly admitted when appellant did not offer evidence to rebut the Commonwealth's proof of chain of custody).

Accordingly, the decision of the trial court is affirmed.

Affirmed.