COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


DENNIS LEE FELTNER

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2596-95-4        JUDGE JOHANNA L. FITZPATRICK
                                           OCTOBER 1, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CLARKE COUNTY
                    James L. Berry, Judge

          Spencer D. Ault (Ault & Stein, P.C., on
          brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Dennis Lee Feltner (appellant) was convicted in a bench
trial of possession of cocaine with intent to distribute in
violation of Code § 18.2-248.  On appeal, he argues that the
trial court erred in:  (1) finding that the chain of custody of
the drugs was not broken when a police officer left the drugs in
the trunk of his car and on his desk; (2) admitting the
certificate of analysis when the evidence failed to show that an
authorized agent received the drugs at the laboratory; and (3)
finding the evidence sufficient to convict him of possession of
cocaine with intent to distribute.  For the reasons that follow,
we affirm the conviction.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

**BACKGROUND**

In December 1994, Investigator Robert Eckman (Eckman) and Lieutenant Harvey R. Norris (Norris), Frederick County Sheriffs assigned to a Regional Drug Task Force, received information that, on December 5, 1994, appellant, an employee of a fruit stand in Clarke County, would travel to Maryland to pick up some produce and "would also pick up some cocaine." On the night of December 5, 1994, Eckman, Norris, and other officers set up surveillance, saw the produce truck return to Clarke County at 3:00 a.m., and followed the truck into the fruit stand's parking lot. Appellant denied that there were any drugs in the produce truck and consented to a search of the truck and his person. While patting appellant's leg, Norris felt something in his pant pocket and asked what it was. Appellant responded, "You found it." Norris removed twelve grams of cocaine from appellant's pocket and gave the drugs to Eckman. Investigator Michael Donohoe (Donohoe), searched appellant's personal vehicle after receiving permission, and found a Tupperware container with two baggies of a white substance on the front driver's side floorboard. Donohoe gave the baggies to Eckman.

Appellant identified the white substance as cocaine and told Donohoe that he needed the cocaine to stay awake because he drove during the night. Appellant also told Donohoe that "he would pick up cocaine in Maryland for his friends in the area." Appellant "never actually said that he sold" cocaine, but that

2

"he would collect the money and go get it."

Eckman took the drugs recovered from appellant and his car, placed them in a brown paper bag, and locked them in the trunk of his car. No other paper bags with similar substances were in the trunk of Eckman's car. Eckman went home to sleep at 5:00 a.m. and left for the Task Force office at 7:30 a.m. The drugs remained locked in his trunk during this period, and only Captain Richards, a fellow police officer and head of the motor pool, had another set of keys to the car. At trial, Eckman testified that, when he left for work, his car "showed no signs of entry."

When Eckman arrived at the Task Force office, he removed the paper bag containing the drugs from his trunk. They were in the same place and the same condition as when he placed them there. Eckman put the bag on his desk and completed paperwork. Later, he packaged and sealed the items in an evidence bag and placed the drugs in his evidence locker. He had the only key. The drugs remained in Eckman's evidence locker until December 20, 1994, when he delivered them to the [laboratory] in Fairfax, Virginia, and handed the drugs to Steve McNeil. Prior to trial, on May 19, 1995, Eckman picked up the drugs from the laboratory. The analyzed substance was eighteen grams of cocaine with a street value of $1,800.

At trial, Eckman, Donohoe, and Norris testified that the amount of cocaine and the method of packaging was inconsistent with personal use. Eckman identified the drugs introduced at

3

trial as the same drugs seized from appellant and from the container in his car. Appellant testified, never denied the drugs were his, but stated that the cocaine was for his personal use. He denied telling Donohoe that he would give cocaine to his friends. He testified that he earned $600 to $700 per week and spent $600 at least once per week on cocaine.

Appellant objected to the admission of the certificate of analysis, arguing that the chain of custody was broken when the drugs were left in Eckman's trunk and when they were delivered to the laboratory. The trial court found that "the Commonwealth has shown with reasonable certainty that there has been no alteration or substitution of the items examined."

Additionally, appellant argued that the Commonwealth failed to prove his intent to distribute cocaine. The trial court found that "the quantities involved, these statements of the [d]efendant and his testimony here in [c]ourt today of his income among other things all indicate an intent to distribute in the [c]ourt's opinion beyond a reasonable doubt."

## CHAIN OF CUSTODY

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996) (quoting Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994)). The chain of custody rule requires "'a showing

4

with reasonable certainty that the item [has] not been altered, substituted, or contaminated prior to analysis, in any way that would affect the results of the analysis.'" Reedy v. Commonwealth, 9 Va. App. 386, 387, 388 S.E.2d 650, 650-51 (1990) (quoting Washington v. Commonwealth, 228 Va. 535, 550, 323 S.E.2d 577, 587 (1984), cert. denied, 471 U.S. 1111 (1985)). In proving the chain of custody, however, the Commonwealth "'is not required to exclude every conceivable possibility of substitution, alteration or tampering.'" Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991) (quoting Pope v. Commonwealth, 234 Va. 114, 129, 360 S.E.2d 352, 357 (1987), cert. denied, 485 U.S. 1015 (1988)). "'Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence.'" Brown, 21 Va. App. at 556, 466 S.E.2d at 117 (quoting Reedy, 9 Va. App. at 391, 388 S.E.2d at 652).

In the instant case, the evidence established that, after Eckman received the drugs, he placed them in a paper bag and locked the bag in the trunk of his car for several hours. No evidence suggested any break in of the car or that the condition of the item had been changed. When Eckman retrieved the drugs from his trunk, the paper bag was in the same place in his trunk and appeared unchanged. Although Captain Richards had access to Eckman's car, "he too was an employee of the police department."

5

Brown, 21 Va. App. at 556, 466 S.E.2d at 118.  The access of Captain Richards, "without more, did not constitute a break in the chain of custody."  Id.  Appellant presented no evidence of tampering or alteration.  The suggestion that a break in the chain of custody occurred while the drugs were in the trunk of Eckman's car is based on mere speculation.

Appellant's additional contention that the chain of custody was broken when the drugs were left on Eckman's desk is procedurally barred.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  We will not consider an argument on appeal which was not presented to the trial court.  Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

### ADMISSIBILITY OF THE CERTIFICATE OF ANALYSIS

Appellant next contends that the trial court erred in admitting the certificate of analysis into evidence when it failed to show that an authorized agent received the drugs at the laboratory.

We agree that to establish a proper chain of custody, it must be shown that the laboratory received the material to be analyzed.  However, the statutory scheme for establishing proper receipt is not the only method of proof available to the

6

Commonwealth. Code § 19.2-187.01 does not require the signature of the person who received the evidence to be on the certificate of analysis; rather, Code § 19.2-187.01 specifies that a signature on the request for laboratory examination form is _prima facie_ evidence that the individual is an authorized agent of the laboratory.[1] "Code § 19.2-187.01 does not 'specifically require' the Commonwealth to identify the recipient of analyzed material evidence only through a 'request for laboratory examination form.' The agency relationship may be established by other evidence." _Harshaw v. Commonwealth_, 16 Va. App. 69, 72, 427 S.E.2d 733, 736 (1993).

The trial court properly admitted the certificate of analysis into evidence. The court could reasonably infer that McNeil was an authorized agent of the lab, as Eckman testified that he went to the lab and delivered the drugs to McNeil. Appellant presented no evidence to rebut the Commonwealth's _prima facie_ case to show that McNeil was not an authorized agent of the lab. Thus, because the signature of the recipient is not

---

[1]Code § 19.2-187.01 provides, in pertinent part, as follows:

> The signature of the person who received the material for the laboratory on the request for laboratory examination form shall be deemed prima facie evidencethat the person receiving the material was an authorized agent and that such receipt constitutes proper receipt by the laboratory for purposes of this section.

(Emphasis added.)

7

required for the certificate of analysis to be admissible, no error occurred.

## SUFFICIENCY OF THE EVIDENCE

Lastly, appellant argues that the trial court erred in finding the evidence sufficient to convict him of possession of cocaine with intent to distribute.

"'Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Brown, 21 Va. App. at 555, 466 S.E.2d at 117 (quoting Crews, 18 Va. App. at 117, 442 S.E.2d at 408). "The credibility of witnesses and the weight accorded their testimony are matters solely for the trier of fact." Bell v. Commonwealth, 22 Va. App. 93, 99, 468 S.E.2d 114, 117 (1996).

"Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'" Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc) (quoting Adkins v. Commonwealth, 217 Va. 437, 440, 229 S.E.2d 869, 871 (1976)). "'Possession of a quantity [of cocaine] greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996) (quoting Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc)).

In the instant case, viewing the evidence in the light most

8

favorable to the Commonwealth, we hold that the evidence was sufficient to establish that appellant possessed cocaine with the intent to distribute. Appellant admitted picking up cocaine to give to his friends for money. Eckman, Donohoe, and Norris all testified that the amount of cocaine seized from appellant was inconsistent with personal use. Additionally, Norris indicated that the method of packaging was inconsistent with personal use. Although, at trial, appellant denied earlier stating to police that he picked up cocaine that he later gave to his friends, the trial judge, as finder of fact, was entitled to disbelieve appellant's testimony and accept that of the Commonwealth's witnesses.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.