COURT OF APPEALS OF VIRGINIA

Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


GARY STEVENS

MEMORANDUM OPINION* BY

v.    Record No. 1522-98-2          JUDGE NELSON T. OVERTON
                                    JANUARY 27, 2000

COMMONWEALTH OF VIRGINIA


       FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                    John W. Scott, Jr., Judge

          Timothy J. Wall (Rose & Wall, P.C., on
          brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Gary Stevens, appellant, appeals his conviction for

distributing cocaine, in violation of Code § 18.2-248.  The

issues on appeal are:  (1) whether the trial court erred in

admitting the cocaine into evidence because the chain of custody

was not sufficiently established, and (2) whether the evidence

was sufficient to show that appellant distributed the cocaine.

Finding no error, we affirm the conviction.

                            FACTS

     On July 9, 1997, Michelle Granger was working as a special

undercover agent for the Virginia ABC Board Enforcement Agency

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

in conjunction with the Fredericksburg police. She was directed to purchase cocaine from targeted areas in the city. The police equipped her car with a surveillance camera and she wore a "body wire." They provided her with money with which to buy the cocaine. They searched her and found no drugs on her person prior to the sale.

She testified that she was driving slowly through a targeted neighborhood when appellant signaled to her. She stopped, and appellant asked her what she wanted. She replied, "A forty." Appellant went into a house and returned. He told her to get out of the car. Appellant led her to an alley beside the house, where he opened a plastic bag containing several pieces of cocaine and allowed her to pick the two pieces she wanted. She placed the cocaine in her pocket and paid him two twenty dollar bills. Granger returned to a prearranged meeting place and gave the cocaine to Detective Ken Sekuterski of the Fredericksburg Police Department.

Sekuterski testified that he watched Granger from a distance and saw her enter the alley, but could not identify appellant and could not see the transaction. He testified that Granger met him immediately after the purchase and she gave him one large piece of suspected cocaine. He placed it in an evidence bag and sealed it. He noted on the bag that there was one piece of cocaine. Sekuterski placed the cocaine in a sealed evidence bag in his locker until he sent the bag to the

Consolidated Laboratories by registered mail.  Sekuterski and another detective returned to the area thirty minutes later and arrested appellant based on the physical and clothing descriptions given by Granger.  Two days later, she identified appellant from a photo array of six pictures.

## ANALYSIS

### I.

"Establishing a chain of custody of exhibits is necessary to afford reasonable assurance that the exhibits are the same and in the same condition as they were when first obtained." Horsley v. Commonwealth, 2 Va. App. 335, 339, 343 S.E.2d 389, 390 (1986) (citations omitted).  The Commonwealth need not "'exclude every conceivable possibility of substitution, alteration or tampering.'"  Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991) (citation omitted). "'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Brown v. Commonwealth, 21 Va. App. 552, 556, 466 S.E.2d 116, 117 (1996) (citation omitted).  "'Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence.'"  Id. at 556, 466 S.E.2d at 117 (citation omitted).

Applying these principles, the Commonwealth proved with reasonable assurance that the cocaine admitted into evidence was the same substance that Granger obtained from appellant. Granger was searched for drugs prior to the purchase, and none were found. Sekuterski observed Granger make contact with appellant and received the substance from her within minutes of the sale. He immediately labeled and sealed the evidence bag with the cocaine. He arrested appellant thirty minutes later, based on Granger's description. Granger identified appellant two days later from a photo spread.

While Granger remembered receiving two pieces of cocaine and Sekuterski documented that he received one piece, it is mere speculation that any tampering or substitution occurred. Her memory merely differs from the detective's notes, which were taken at the time of the event. The trial judge was entitled to admit the cocaine and, as fact finder in appellant's bench trial, determine what weight to afford that evidence. The events transpired in a short period of time, and the totality of the circumstances affords reasonable assurance that the admitted cocaine was obtained from appellant. Given these facts and circumstances, the trial court did not err in admitting the cocaine.

## II.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  The trial judge accepted the evidence identifying appellant as the person who sold Granger the cocaine and rejected appellant's testimony that, while he had sold drugs to others, he had not sold drugs to Granger.  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Granger paid appellant forty dollars in exchange for a substance believed to be cocaine.  She delivered the substance to Sekuterski within minutes of the sale.  Sekuterski arrested appellant within thirty minutes of the transaction based on Granger's description.  Granger identified appellant as the seller two days after the transaction and again at trial.  The substance proved to be cocaine.  The evidence supports the conviction for distribution of cocaine.

For the above stated reasons, we affirm appellant's conviction for distribution of cocaine.

**Affirmed**.
