COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


MARCUS ANTONIO CAMPBELL
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1485-00-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         OCTOBER 2, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

             Carol A.N. Breit for appellant.

             Susan M. Harris, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     Marcus Antonio Campbell (appellant) appeals his conviction

of possession of cocaine.[1]  He contends the trial court erred

when it admitted the lab report into evidence and the evidence

was insufficient to prove he possessed the cocaine.  For the

following reasons, we affirm appellant's conviction.

                         I.  BACKGROUND

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant was also convicted of obstruction of justice,
attempting to elude the police, and disregarding a stop sign,
but those convictions are not before the Court.

reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it.  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

In the light most favorable to the Commonwealth, the evidence established that Officer Jack Hurley observed appellant fail to stop his vehicle at a clearly posted stop sign.  Hurley activated his lights and signaled appellant to pull over. Appellant fled, and Hurley pursued appellant for a period of eight to ten minutes.  During this time, appellant drove erratically.  He disregarded traffic control signs and went the wrong way on one-way streets.  Appellant lost control of his vehicle, crashed into a fence and fled on foot.  Hurley ran after appellant and saw him toss two objects to the ground that landed between two parked vehicles, fifteen to twenty feet away from the crash site.  Hurley was approximately thirteen to fifteen feet behind appellant at the time he threw the items to the ground.  After a chase of another block and a half, Hurley caught appellant.  He returned to the crash site with appellant in custody and found two motorcycle officers standing in the place where the objects were discarded.  He saw the two items between the two parked vehicles he had observed during the chase.  There were no other objects and no other people in the

area except for the police officers.  He retrieved the items and took them into his possession.

Appellant, a convicted felon, denied he dropped or threw anything between the vehicles.  He stated he ran because he believed he was an habitual offender.

At the close of the Commonwealth's case, appellant made a motion to strike and argued that the lab report had not been admitted into evidence and that the evidence was insufficient to show he had possession of the cocaine.  Appellant's motion was denied.

## II.  ADMISSION OF THE ITEMS AND LAB CERTIFICATE

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996).  "'The purpose of the chain of custody rule is to establish that the evidence obtained by the police was the same evidence tested.'"  Id. at 555, 466 S.E.2d at 117 (quoting Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991)).

Appellant contends that the Commonwealth failed to move to introduce the certificate of analysis into evidence and, therefore, there was no evidence that the items found on the street were cocaine.

-

Officer Hurley testified that he saw appellant drop the items on the street. Hurley kept these items in his exclusive possession and control until he submitted them to the lab for testing. The certificate of analysis, the lab report finding that the items were cocaine, was properly filed with the trial court. Appellant objected to the Commonwealth's introduction of the lab report. The trial judge conditionally admitted the lab report at the time of the objection, "mark[ing] it for identification until you have an opportunity to voir dire," on the chain of custody.

Thereafter, appellant's counsel questioned Officer Hurley about where he retrieved the items, but did not ask any questions about the chain of custody of the drugs or about the lab report. Without these questions there was no evidence to consider contrary to admitting the lab report. As appellant's counsel did not voir dire as to these subjects, we cannot say that the trial court erred by admitting the certificate of analysis.

### III. SUFFICIENCY OF THE EVIDENCE

> To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements or conduct of the accused or other facts and circumstances which tend to show the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control. Where the Commonwealth's case rests entirely upon circumstantial evidence, as in this case, the evidence not only must be consistent

-

with guilt, but it also must exclude every
reasonable hypothesis of innocence.

Staton v. Commonwealth, 36 Va. App. 282, 287, 549 S.E.2d 627,

629 (2001) (citing Clodfelter v. Commonwealth, 218 Va. 619,

622-23, 238 S.E.2d 820, 822 (1977)).

In assessing witness credibility, the fact finder may

accept the parts of a witness' testimony it finds believable and

reject other parts as implausible.  Moyer v. Commonweath, 33 Va.

App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc).  Similarly,

"[d]etermining the credibility of witnesses who give conflicting

accounts is within the exclusive province of the [fact finder],

which has the unique opportunity to observe the demeanor of the

witnesses as they testify."  Lea v. Commonwealth, 16 Va. App.

300, 304, 429 S.E.2d 477, 479 (1993).

Here, the evidence, viewed in the light most favorable to

the Commonwealth, established that Hurley saw appellant toss

items, the drugs, between two parked cars.  Other officers were

at the place when the items were recovered.  This case is

distinguishable from Gordon v. Commonwealth, 212 Va. 298, 183

S.E.2d 735 (1971), because in the instant case there is no

"fatal gap in the circumstantial evidence."  Id. at 301, 183

S.E.2d at 737.  This was not an area "on which numerous persons

were gathered," id., and Officer Hurley saw appellant drop the

items between the two parked cars where the drugs were

recovered.

-

The trial court, as the finder of fact, was entitled to conclude that Hurley was testifying truthfully and to rely on his observations.

For these reasons, we affirm the trial court.

<u>Affirmed</u>.